## 9787

### GALLUCHAT v. ATLANTIC COAST LINE R. CO. *ET AL.*

#### (93 S. E. 241.)

1. TRIAL—CONSTRUCTION OF CHARGE AS A WHOLE—INVASION OF PROVINCE OF JURY.—In a passenger's action for injuries in alighting from a train, the Court charged that the improper removal of the footstool before plaintiff alighted, would be an act of negligence, and that whether plaintiff had established this by the greater weight of the evidence was for the jury. It was contended that the Court thereby told the jury that the removal of the stool was negligence. The Court also charged that plaintiff would have to prove by the greater weight of the evidence, "improper placing and improper removal," and had already charged that the railroad company was not an insurer, but was bound to exercise the highest degree of care, and that it did not make any difference how severely plaintiff might have been injured, unless the injury was due as a proximate result of some act of negligence on the part of defendant. *Held,* that the portion of the charge objected to was not erroneous, as the charge in its entirety left the jury to find whether defendant exercised due care. ..

2. NEW TRIAL—DENIAL OF NEW TRIAL—PREPONDERANCE OF EVIDENCE.— In denying a motion for a new trial of a passenger's action for injuries sustained in alighting from a train, the Court stated that what would be ample light to a man on the outside would be semi-darkness to a man coming out of a brilliantly lighted car, that a common carrier should have a light placed sufficiently for passengers coming out of a lighted car into comparative darkness, and that if there was any testimony by one in like position as plaintiff that the light was sufficient he would not hesitate to grant a new trial. The Court further stated, that the jury had a right to believe plaintiff, and that he could not say the verdict was against the weight of the evidence. *Held,* that there was no error, as the substance of the Court's ruling was that the testimony did not clearly preponderate to show that the light was sufficient for alighting passengers, however it might have been for embarking passengers.

FOOTNOTE.—As to carrier's duty to furnish suitable steps or other appliances for boarding or alighting from cars, see notes in 9 A. & E. Ann. Cas. 965.

Before PRINCE, J., Manning, October, 1916. Affirmed.

Action by M. C. Galluchat against the Atlantic Coast Line Railroad Company and another. From a judgment for plaintiff, defendants appeal.

The portions of the oral statement made by the Court in denying the motion for a new trial, to which exception was taken, were as follows:

"What would be ample light to a man on the outside would be semidarkness to a man coming out of a brilliantly lighted car, and the rule of law involved there is that a common carrier of passengers shall have light placed sufficiently for passengers coming out of a lighted car into comparative darkness, and what would be adequate light to a man on the outside would be inadequate to a man just coming out of a brilliantly lighted car. * * * But there is not any evidence that the light was sufficient for a man coming out of a brilliantly lighted car to see. * * * I say that if there was testimony by any one in like position as the plaintiff, and they testified that the light was sufficient. I would have granted a new trial. But there is not any evidence that the light was sufficient for a man coming out of a brilliantly lighted car to see. * * * If there was any testimony by any one in like position as the plaintiff, and they testified that the light was sufficient, I would not hesitate to grant a new trial.

*Messrs. Mordecai & Gadsden & Rutledge* and *Purdy & O'Bryan,* for appellants, cite: *As to charge on facts:* 62 S. C. 143. *Order granting new trial:* 75 S. C. 172; 81 S. C. 203.

*Messrs. Charlton DuRant* and *Davis & Wideman,* for respondent, cite: *As to charge on negligence:* 95 S. C. 91. *Inadvertent error:* 100 S. C. 359; 102 S. C. 169. *Harmless error:* 103 S. C. 493; 78 S. C. 81.

July 30, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from a judgment for $3,500, damages to the person. The accident happened on this wise : The plaintiff was a passenger on the defendant's cars, proceeding from Sumter to Manning, in January, 1915. In disembarking from the cars at Manning, about 8 o'clock p. m., the plaintiff fell and was injured in his left leg. The plaintiff assigned as the proximate cause of his fall the absence of a footstool from its right location at the bottom of the steps of the car. The witnesses on both sides agree that the plaintiff fell. The witnesses also agree that a fall or blow on the leg may produce traumatic neuritis, and that neuritis is a painful hurt of one of the large nerves of the leg, and that the plaintiff probably had neuritis.

The exceptions make only two questions, and they are : (1) Did the Court invade the province of the jury in the charge? and (2) did the Court commit error of law in deciding the motion for a new trial? We have said more than once that a charge, like any other creation, must generally be considered in its entirety to determine its character.

The Constitution declares Judges shall not charge juries in respect to matters of fact. The instant matter of fact which the appellant says the Judge charged was this : "My attention is further called to the fact that there is an allegation in the complaint that the stool was improperly removed before plaintiff alighted from the train. That would be an act of negligence, if it had been removed before all the passengers had alighted; and it is for you to say whether the plaintiff has established that by the greater weight or preponderance of the evidence."

The contention is that the Judge thereby charged the jury that the removal of the stool before all the passengers had alighted was an act of negligence. But counsel in their arguments omitted to lay proper emphasis on what the Judge called improper removal; that is to say, undue removal, which is undue care. The Court, directly after the quoted expression, repeated to the jury that: The plaintiff "would have to prove that (the removal of the stool) by the greater weight of the evidence in order to entitle him to win on that allegation—improper placing and improper removal."

This challenged portion of the charge was made, at the suggestion of plaintiff's counsel, after the Court had concluded the general charge, and in that general charge the Court had in order and without exception showed the jury the right path of the law. The Court said therein:

"Now, Mr. Foreman, was the stool there? Was it reasonably adequate for the purpose of rendering that a reasonably safe place to alight? You see the railroad does not insure a passenger against injury. The railroad company is not an insurance company against any injury to the passenger; but the railroad company is bound by the law to exercise the highest degree of care for the safety of its passengers, whether in transportation, or in furnishing reasonably adequate facilities for them to disembark from the trains with reasonable safety. When I say 'reasonable safety,' Mr. Foreman, I mean with reasonable safety for a man who is exercising that degree of care in his own behalf and for his own protection which a man of ordinary prudence in the circumstances would have exercised."

The Court further defined negligence in these words:

"What is negligence? Negligence is the doing of that under circumstances which a man of ordinary prudence under like circumstances would not do, or the failure to do that in the circumstances which a man of ordinary prudence

in like circumstances would have done. That is negligence."

The Court also told the jury this: "I believe I told you it does not make any difference how severely the plaintiff may have been injured; unless it is further shown that his injury was due as a proximate result of some act of negligence on the part of the defendant, he cannot recover of the defendant."

From the charge in its entirety the jury was left untrammeled to find if the defendant exercised due care.

On the other issue the cause must also go against the appellant, and for a like reason upon which the first issue was decided. When the Court heard argument on the motion for a new trial, it denied the motion in an oral statement. The appellants have quoted only a part of what the Court said; besides that quoted in the exceptions, the Court also said: "Now it is for the jury to say where lies the truth. They heard all the testimony. They had the right to believe Mr. Galluchat, and I cannot regard that testimony offered as to the light was really not complete in my estimation, because there is no man to say, in a like position, and has testified that there was sufficient light. It might have been sufficient to those on the outside, accustomed to darkness, that it would not be ample or adequate to a man just outside of a brilliantly lighted car. * * * I cannot say that the verdict is against the weight of the evidence, and cannot hold that under the circumstances in the case, and I must refuse the motion."

The substance of the ruling, therefore, was that the testimony did not clearly preponderate to show (for the defendants) that the light furnished for alighting passengers was sufficient for them, however it might have been sufficient for embarking passengers. There was no error of law in that.

The judgment below is affirmed.